**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| ANDREA X. WILLIAMS, | DOCKET NUMBER |
| Appellant, | AT-1221-13-0239-B-2 |
| v. | |
| SOCIAL SECURITY | DATE: June 3, 2016 |
| ADMINISTRATION, | |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Phillip Thomason, Esquire, Dawsonville, Georgia, for the appellant.

Avni D. Gandhi, Esquire, and Peter S. Massaro, III, Esquire, Atlanta, Georgia, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1 The appellant has filed a petition for review of the remand initial decision, which denied the appellant's request for corrective action in this individual right of action (IRA) appeal. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the remand initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2      This IRA appeal stems from the appellant's allegation that his 14-day suspension was an act of whistleblower reprisal. *Williams v. Social Security Administration*, MSPB Docket No. AT-1221-13-0239-W-1, Initial Appeal File (IAF), Tab 1 at 5. The administrative judge initially dismissed the appeal for lack of jurisdiction, but we remanded for further adjudication. *Williams v. Social Security Administration*, MSPB Docket No. AT-1221-13-0239-W-1, Remand Order at 3-4 (Sept. 30, 2013) (W‑1 Remand Order). Thereafter, the administrative judge held a hearing and issued a decision, finding that, although the appellant established jurisdiction, he failed to establish that he made any disclosure that was protected under 5 U.S.C. § 2302(b)(8). *Williams v. Social Security Administration*, MSPB Docket No. AT‑1221‑13‑0239‑B-1, Remand File (B‑1 RF), Tab 37, Remand Initial Decision (B‑1 RID) at 5-10. The administrative judge also found, in the alternative, that the agency established by clear and convincing evidence that it would have taken the same personnel action in the absence of his disclosure. B-1 RID at 10‑13.

¶3        On review of that remand initial decision, we affirmed in part, vacated in part, and remanded the matter a second time. *Williams v. Social Security Administration*, MSPB Docket No. AT-1221-13-0239-B-1, Remand Order (Dec. 9, 2014) (B‑1 Remand Order). In short, we found that the appellant did make a protected disclosure under section 2302(b)(8) when he reported that he was denied his right to union representation during a formal discussion with the agency. *Id*. at 4-5. We also found that the appellant established that this protected disclosure was a contributing factor in his 14-day suspension based upon the knowledge/timing test. *Id*. at 5. We remanded for further adjudication of whether the agency would have taken the same action in the absence of the appellant's disclosure, noting that it was inappropriate for the administrative judge to address that matter previously, without first finding that the appellant established a prima facie case of reprisal. *Id*. at 5‑8.

¶4        The administrative judge conducted another hearing and accepted additional evidence to supplement the existing record. *See, e.g.*, *Williams v. Social Security Administration*, MSPB Docket No. AT-1221-13-0239-B-2, Remand File (B-2 RF), Tab 4 at 1-2. She then issued a decision, finding that the agency proved by clear and convincing evidence that it would have taken the 14-day suspension in the absence of the appellant's protected disclosure. B‑2 RF, Tab 18, Remand Initial Decision (B‑2 RID) at 3-9. Accordingly, she denied the appellant's request for corrective action. *Id*. at 9. The appellant has filed a petition for review. *Williams v. Social Security Administration*, MSPB Docket No. AT-1221-13-0239-B-2, Petition for Review (PFR) File, Tab 1. The agency has filed a response, and the appellant has filed a reply. PFR File, Tabs 3‑4.

The administrative judge properly determined that the agency met its burden.

¶5        As previously detailed throughout this appeal, when reviewing the merits of an IRA appeal, the Board considers whether the appellant has established by a preponderance of the evidence that he made a protected disclosure under 5 U.S.C.

§ 2302(b)(8) that was a contributing factor in the agency's personnel action. *Aquino v. Department of Homeland Security*, 121 M.S.P.R. 35, ¶ 10 (2014). If an appellant is able to offer such proof, the Board must order corrective action unless the agency can establish by clear and convincing evidence that it would have taken the same personnel action in the absence of the disclosure. *Id.* Clear and convincing evidence is that measure or degree of proof that produces in the mind of the trier of fact a firm belief as to the allegations sought to be established. *Id.*

¶6      Because we previously concluded that the appellant established a prima facie case of whistleblower reprisal, the only issue that remains is whether the agency proved by clear and convincing evidence that it would have taken the 14-day suspension in the absence of the appellant's disclosure about being denied the right to union representation during a formal discussion with the agency. B‑1 Remand Order at 6-8. In determining whether an agency has shown by clear and convincing evidence that it would have taken the same personnel action, the Board generally considers the agency's evidence in support of its action; the existence and strength of any motive to retaliate on the part of the agency officials who were involved in the decision; and any evidence that the agency takes similar actions against employees who are not whistleblowers but who are otherwise similarly situated. *Carr v. Social Security Administration*, 185 F.3d 1318, 1323 (Fed. Cir. 1999)). Our reviewing court has further clarified that "[e]vidence only clearly and convincingly supports a conclusion when it does so in the aggregate considering all the pertinent evidence in the record, and despite the evidence that fairly detracts from that conclusion." *Whitmore v. Department of Labor*, 680 F.3d 1353, 1368 (Fed. Cir. 2012).

         *The strength of the agency's evidence in support of its action.*

¶7      The alleged facts underlying the appellant's suspension include his receiving a telephone call from one friend reporting that another friend may have

been misusing benefits administered by the agency. B‑1 RF, Tab 32 at 118. According to the agency, the appellant violated agency policy by then accessing the corresponding records, rather than disqualifying himself from the matter. *Id*. at 120. Thereafter, the agency interviewed the appellant on March 13 and April 12, 2012, but the agency alleged that he exhibited a lack of candor in answering some questions and failed to obey an order by refusing to answer others. *Id*. at 119-20. The agency proposed the appellant's 14-day suspension based on charges of (1) failure to obey the direct order of an authorized supervisor, (2) lack of candor during a fact-finding interview, and (3) violation of the agency policy for systems access. *Id*. at 118-23. The deciding official sustained all three charges and the 14-day suspension. *Id*. at 102‑09.

¶8    We agree with the administrative judge's determination that the agency had strong evidence to support the 14-day suspension. B‑2 RID at 3-6. Evidence supporting the violation of agency policy for systems access included, inter alia, the appellant's initial admissions about the matter, complaints and reports from the appellant's friends, telephone records, and systems access reports. B‑1 RF, Tab 32 at 148-59, 162-67, 192-201. Evidence supporting the other charges included, inter alia, the records, notes, and transcripts stemming from the interviews in which the appellant reportedly failed to obey an order and exhibited a lack of candor, as well as hearing testimony. *Id*. at 129-40, 168‑90.

¶9    The appellant alleges that the administrative judge erred by indicating that the deciding official relied on a written report from the Office of Inspector General (OIG) to sustain the violation of agency policy charge. PFR File, Tab 1 at 6 (referencing B‑2 RID at 5). However, the administrative judge merely indicated that the deciding official had an OIG report–she did not specify whether that report was written or verbal. B‑2 RID at 5. That conclusion is consistent with testimony from the OIG investigator and the deciding official, both of which confirmed that the two had discussions about the underlying matter despite the

deciding official never receiving OIG's final written report. B‑1 RF, Hearing Transcript (HT) (testimony of S.J. at 303, 307-09; testimony of L.D. at 345‑48). Moreover, this was but one of a number of pieces of evidence supporting the charge and suspension. *See, e.g.*, B‑1 RF, Tab 32 at 166-67, 192‑94. Therefore, even if the administrative judge's decision could be construed as erroneously suggesting that the deciding official had the written OIG report, the error was harmless. *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (explaining that an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision).

    *The existence and strength of any motive to retaliate.*

¶10    The underlying disclosure in this matter is the appellant's report to a Regional Commissioner and the OIG that an agency official did not honor his right to union representation during a formal discussion with the agency. *See* B‑1 Remand Order at 4-5; B‑1 RF, Tab 32 at 124-26. The administrative judge concluded that the agency officials who were most relevant in considering the motive to retaliate against the appellant for this protected disclosure included K.K., the individual the appellant accused of failing to honor his right to representation, C.G., the proposing official to his suspension, and L.D., the deciding official to his suspension. B‑2 RID at 7.

¶11    When applying the second *Carr* factor, the Board will consider any motive to retaliate on the part of the agency officials who ordered the action, as well as any motive to retaliate on the part of other officials who influenced the decision. *Carr*, 185 F.3d at 1326. It is also relevant to consider that "[t]hose responsible for the agency's performance overall may well be motivated to retaliate even if they are not directly implicated by the disclosures, and even if they do not know the whistleblower personally, as the criticism reflects on them in their capacities as managers and employees." *Whitmore*, 680 F.3d at 1370. Accordingly, the administrative judge noted that K.K. was the subject of the appellant's protected

disclosure and recommended a written reprimand for the appellant's violation of policy concerning systems access. B‑2 RID at 7 (citing B‑1 RF, Tab 33, Subtab G). In addition, she noted that, although the proposing and deciding officials did not have any personal motive, they may have had an institutional motive to retaliate against the appellant. B‑2 RID at 7.

¶12    The appellant seems to assert that, because the administrative judge found that the agency had some motive to retaliate, she was precluded from finding that the agency still met its burden of proof. *E.g.*, PFR File, Tab 1 at 5. However, the Board does not view the *Carr* factors as discrete elements, each of which the agency must prove by clear and convincing evidence. *Mithen v. Department of Veterans Affairs*, [122 M.S.P.R. 489](#), ¶ 36 (2015). Instead, the Board weighs the factors together to determine whether the evidence is clear and convincing as a whole. *Id.* Accordingly, the administrative judge's determination that the agency had some motive to retaliate does not preclude finding that the agency met its burden of proof. *See, e.g.*, *id.*, ¶¶ 29-33 (finding that an agency proved that it would have taken the same personnel action, notwithstanding an employee's protected disclosure, even though it had some motive to retaliate).

> *Evidence that the agency takes similar actions against employees who are not whistleblowers but who are otherwise similarly situated.*

¶13    The administrative judge considered three individuals that the appellant identified as similarly situated nonwhistleblowers, finding that two were, in fact, similarly situated. B‑2 RID at 8-9. However, the deciding official to the appellant's 14-day suspension imposed a similar 14-day suspension on both of those comparators. B‑2 RF, Tab 12 at 4-6, Tab 13, Subtab 3. Accordingly, the administrative judge determined that the agency takes similar actions against employees who are not whistleblowers but are otherwise similarly situated. B-2 RID at 9.

¶14     On review, the appellant alleges that the two individuals the administrative judge utilized as comparator nonwhistleblowers engaged in much more egregious misconduct, suggesting that their 14-day suspensions support a conclusion that the agency retaliated by imposing that same penalty for his misconduct.[2]  *E.g.*, PFR File, Tab 1 at 7-8.  We find no merit to his arguments.

¶15     As the administrative judge noted, the deciding official to the appellant's 14-day suspension imposed a similar 14-day suspension on the first comparator for conduct unbecoming, lack of candor, and inappropriate access of agency records.  B‑2 RID at 8; B‑2 RF, Tab 13, Subtab 3.  The same deciding official also imposed a 14-day suspension on the second comparator for failing to abide by the agency's standards of conduct by calling and texting members of the public for personal reasons after meeting them in his professional capacity. B-2 RID at 8-9; B‑2 RF, Tab 12 at 4-9.  Although there are distinguishing factors amongst these disciplinary actions, the appellant has provided no basis for concluding that the differences are meaningful for purposes of this analysis.  *See generally Whitmore*, 680 F.3d at 1373 (recognizing that there will always be some basis for distinguishing between two persons and their misconduct, but comparators need only be similarly situated for purposes of *Carr* factor three). Accordingly, we agree with the administrative judge's conclusion that these comparators support a conclusion that the agency takes similar disciplinary actions against whistleblowers and nonwhistleblowers, alike.  B‑2 RID at 9.

---

[2] To the extent that the appellant also suggests that the administrative judge erred by concluding that a third individual was not similarly situated, we disagree.  *See, e.g.*, PFR File, Tab 1 at 12.  As the administrative judge noted, that individual was tardy on days during which she was scheduled to attend mandatory meetings, which she attributed to getting her child to school, and she failed to fully participate in a fact-finding interview about the same.  B‑2 RID at 9; B‑2 RF, Tab 13, Subtab 4.  That misconduct and the attendant circumstances are substantially less similar to that of the appellant than those of the comparators the administrative judge relied upon to address *Carr* factor three.

*Conclusion*

¶16      The administrative judge concluded that, although the relevant agency officials had some motive to retaliate, that motive was outweighed by the evidence supporting the 14-day suspension and evidence of similar actions taken against employees who were not whistleblowers. B‑2 RID at 9. Therefore, she found that the agency met its burden of proving by clear and convincing evidence that it would have taken the same action notwithstanding the appellant's protected disclosure. *Id*. We agree. The appellant's arguments do not establish any basis for reaching a contrary conclusion.

<u>The appellant's remaining arguments provide no basis for disturbing the initial decision.</u>

¶17      The appellant has presented a number of additional arguments. However, they seem to reflect misunderstandings of the Board's procedures, our prior remand order, and the applicable legal standards. None provide a basis for disturbing the initial decision.

¶18      First, the appellant generally alleges that the administrative judge failed to follow the Federal Rules of Evidence and Civil Procedure. PFR File, Tab 1 at 3 4. He seems to suggest that these rules should have precluded the administrative judge from relying upon some of the evidence that supported the charge pertaining to a systems access violation. *Id*. at 6. However, while the Federal Rules may be used to provide guidance, they are not binding on the Board. *Social Security Administration v. Long*, 113 M.S.P.R. 190, ¶ 35 (2010), *aff'd*, 635 F.3d 526 (Fed. Cir. 2011). We discern no basis for concluding that the administrative judge should have but failed to follow the guidance those rules may provide.

¶19      Next, the appellant erroneously asserts that, because we vacated the administrative judge's prior clear and convincing analysis, the agency was required to submit new evidence to meet its burden of proof and the administrative judge was precluded from relying upon the evidence submitted in

prior portions of this IRA appeal.  PFR File, Tab 1 at 9.  We vacated the prior clear and convincing analysis because the administrative judge conducted that analysis as alternative findings when the applicable statute precluded her from doing so.  B‑1 Remand Order at 5-6 (citing 5 U.S.C. § 1221(e)(2) and *Clarke v. Department of Veterans Affairs*, 121 M.S.P.R. 154, ¶ 19 n.10 (2014), *aff'd*, 623 F. App'x 1016 (Fed. Cir. 2015)).  Nevertheless, our remand order did not require that the agency submit additional evidence, nor did it preclude the administrative judge from relying upon existing evidence to find that the agency met its burden.  B‑1 Remand Order at 6-8.  In fact, our remand order explicitly recognized that some of the administrative judge's prior alternative findings might support a conclusion that the agency would have taken the challenged personnel action in the absence of the appellant's protected disclosure.  *Id*. at 6‑7.

¶20        The appellant also argues that the administrative judge failed to consider all the relevant *Douglas* factors in determining whether the agency met its burden.  PFR File, Tab 1 at 5.  However, the appellant's reliance upon *Douglas* is misplaced.  The *Douglas* factors are those factors that may be relevant while considering an agency's chosen penalty in a chapter 75 appeal, when the agency has the burden of proving that its penalty is reasonable.  *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-06 (1981).  In the instant IRA appeal, the agency is not required to prove that its chosen penalty is reasonable; it is required to prove that it would have taken the same personnel action notwithstanding the appellant's protected disclosure.  *See Weaver v. Department of Agriculture*, 55 M.S.P.R. 569, 576 (1992) (recognizing that, in an IRA appeal, the Board can either grant or deny a request for corrective action, and the appropriateness of the penalty imposed by the agency is not at issue).  The appellant's other arguments concerning the propriety of the underlying suspension, such as allegations of ex parte communications in violation of *Stone*

*v. Federal Deposit Insurance Corporation*, [179 F.3d 1368](#), 1376 (Fed. Cir. 1999), are similarly unavailing in this IRA appeal.  PFR File, Tab 1 at 27‑28.

¶21   The appellant next identified one purported misstatement in the second remand initial decision.  According to the appellant, the administrative judge erroneously indicated that the agency had produced some documentation for the appeal when, in fact, it was the appellant that produced that evidence.  PFR File, Tab 1 at 6.  However, such a misstatement, even if true, does not prejudice the appellant's substantive rights; the error is harmless.  *See Panter*, 22 M.S.P.R. at 282.

¶22   Finally, the appellant has alleged that the administrative judge was biased and prejudiced against him.  PFR File, Tab 1 at 19.  In making a claim of bias or prejudice against an administrative judge, a party must overcome the presumption of honesty and integrity that accompanies administrative adjudicators.  *Oliver v. Department of Transportation*, [1 M.S.P.R. 382](#), 386 (1980).  An administrative judge's conduct during the course of a Board proceeding warrants a new adjudication only if her comments or actions evidence "a deep-seated favoritism or antagonism that would make fair judgment impossible." *Bieber v. Department of the Army*, [287 F.3d 1358](#), 1362-63 (Fed. Cir. 2002) (quoting *Liteky v. United States*, [510 U.S. 540](#), 555, (1994)).  Although the appellant has expressed significant disagreement with the administrative judge's findings, his allegations do not meet the aforementioned standards.  *See King v. Department of the Army*, [84 M.S.P.R. 235](#), ¶ 6 (1999) (recognizing that an administrative judge's case related rulings, even if erroneous, are insufficient to establish bias).

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you want to request review of the Board's decision concerning your claims of prohibited personnel practices under 5 U.S.C. § 2302(b)(8), (b)(9)(A)(i), (b)(9)(B), (b)(9)(C), or (b)(9)(D), but you do not want to challenge the Board's disposition of any other claims of prohibited personnel practices, you may request review of this final decision by the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.  The court of appeals must receive your petition for review within 60 days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(B) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  You may choose to request review of the Board's decision in the U.S. Court of Appeals for the Federal Circuit or any other court of appeals of competent jurisdiction, but not both.  Once you choose to seek review in one court of appeals, you may be precluded from seeking review in any other court.

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right.  It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.  Additional

information about other courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.